## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| YUN DAI<br>11424 Pinedale Drive<br>Glen Allen, VA 23059<br>CIS File No. A75 462 516<br><br>  Plaintiff,<br>v.<br><br>EMILIO T. GONZALEZ, Director<br>U.S. Citizenship and Immigration Services<br>20 Massachusetts Avenue, N.W.<br>Washington, DC 20529<br><br>MICHAEL CHERTOFF, Secretary<br>U.S. Department of Homeland Security<br>425 Murray Drive, Building 410<br>Washington, DC 20528<br><br>ROBERT S. MUELLER, Director<br>Federal Bureau of Investigation<br>J. Edgar Hoover Building<br>935 Pennsylvania Avenue, N.W.<br>Washington, DC 20535<br><br>DAVID ROARK, Director<br>Texas Service Center<br>U.S. Citizenship and Immigration Services<br>4141 St. Augustine Road<br>Dallas, TX 75227<br><br>  Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Civ. No. |

## VERIFIED COMPLAINT FOR MANDAMUS AND
## DECLARATORY JUDGMENT

The Plaintiff, YUN DAI, by counsel, complains of the Defendants, EMILIO T.

GONZALEZ, Director, U.S. Citizenship and Immigration Services; MICHAEL CHERTOFF,

Secretary, U.S. Department of Homeland Security; ROBERT S. MUELLER, Director, Federal

1

Bureau of Investigation; and DAVID ROARK, Director, Texas Service Center, U.S. Citizenship and Immigration Services; as follows:

## I. PREFATORY STATEMENT

1. This is a mandamus action to compel the Defendants and those acting under them to take all appropriate action to adjudicate the Plaintiff's Application to Adjust Status to Lawful Permanent Resident (Form I-485).

2. The Plaintiff properly filed his Application to Adjust Status to Lawful Permanent Resident (the "Adjustment Application") with the Defendant U.S. Citizenship and Immigration Services ("CIS") on July 15, 2004. To the Plaintiff's detriment, more than three years have passed since that date and Defendants have failed to adjudicate Plaintiff's Adjustment Application within a reasonable time, as they are mandated to do by law. *See* 5 U.S.C. §555(b) and §702 (the Administrative Procedure Act "APA"). Plaintiff prays that this Court compel the Defendants and those acting under them to take all appropriate action to perform their duty to adjudicate the Plaintiff's Adjustment Application without further delay.

## II. JURISDICTION

3. This is a civil action brought pursuant to 28 U.S.C. §1361 ("The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff"). Jurisdiction is further conferred by 8 U.S.C. §1329 (jurisdiction of the district courts) and 28 U.S.C. §1331 (federal subject matter jurisdiction).

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

4. Jurisdiction is also conferred pursuant to 5 U.S.C. §555(b) and §702 (the Administrative Procedure Act "APA"). The APA requires CIS to carry out its duties within a reasonable time. 5 U.S.C. §555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency *shall* proceed to conclude a matter presented to it." (Emphasis added). CIS is subject to 5 U.S.C. §555(b). *See Liberty Fund, Inc. v. Chao*, 394 F. Supp. 2d 105, 114 (D.D.C. 2005) ("The Administrative Procedure Act requires an agency to act 'within a reasonable time,' 5 U.S.C. § 555(b), and authorizes a reviewing court to 'compel agency action ... unreasonably delayed,' 5 U.S.C. § 706(1)."); *see also Liu v. Novak*, Slip Copy, 2007 WL 2460425 (D.D.C. Aug. 30, 2007).

5. Section 242 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1252, does not deprive this Court of jurisdiction. INA §242(a)(5) provides that "a petition for review filed with an appropriate court of appeals in accordance with this section, shall be the sole and exclusive means for judicial review of an *order of removal* entered or issued under any provision of this Act[.]" (Emphasis added). As the present action is not an action to review a removal order, but rather an action to compel CIS to adjudicate the Plaintiff's unreasonably delayed application for permanent resident status, this Court retains original mandamus jurisdiction under 28 U.S.C. §1361.

6. Both the regulations and the INA provide numerous examples of duties owed by CIS in the adjustment of status process. 8 U.S.C. §1103 provides that "[t]he Secretary of Homeland Security *shall* be charged with the administration and enforcement of this Act and all other laws relating to the immigration and naturalization of aliens[.]" (Emphasis

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

added). The Code of Federal Regulations provides that "[e]ach applicant for adjustment of status . . . *shall* be interviewed by an immigration officer." 8 C.F.R. §245.6 (emphasis added). The regulations further provide that "the applicant *shall* be notified of the decision of the director and, if the application is denied, the reasons for the denial." 8 C.F.R. §245.2(a)(5)(i) (emphasis added). The language of the statute and the above-cited regulations is mandatory, not discretionary, and the Defendants have a clear duty to adjudicate the application for adjustment of status pending before them. *See Liu v. Novak*, 2007 WL 2460425; *see also Matter of Sealed Case,* 151 F.3d 1059, 1063 (D.C. Cir. 1998); *see First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

7.  Section 242(a)(2)(B) of the INA, 8 U.S.C. §1252(a)(2)(B), as amended by section 106 of the Emergency Supplemental Appropriations Act for Defense, the Global War of Terror, and Tsunami Relief, Pub. L. 109-13 (May 11, 2005) ("REAL ID Act"), eliminated the authority of the federal courts to review decisions by the government to grant or deny discretionary relief. Specifically, INA §242(a)(2)(B)(ii) provides that "no court shall have jurisdiction to review ... (ii) any other decision or action of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security ...." 8 U.S.C. §1252(a)(2)(B)(ii).[1] Section 1252(a)(2)(B)(ii) does not strip federal courts of jurisdiction where – as in this case – the government has a nondiscretionary duty to act on the Plaintiff's application for adjustment of status and has

---

[1] "[T]his subchapter" refers to Subchapter II of Chapter 12 of Title 8 of the U.S. Code, which includes INA §245, 8 U.S.C. §1255.

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

4

unreasonably failed to so act. *See, e.g., Liu v. Novak*, 2007 WL 2460425; *Duan v. Zamberry*, Slip Copy, 2007 WL 626116, at *3 (W.D. Pa. Feb. 23, 2007) ("The weight of authority … supports a finding that Defendants have a non-discretionary duty to process or adjudicate an adjustment application; that duty supports a mandamus action.") (and cases cited therein). The Government has discretionary authority to either grant or deny the Plaintiff's adjustment of status application. *See, e.g., Liu v. Novak*, 2007 WL 2460425; *Pool v. Gonzales*, Slip Copy, 2007 WL 1613272, at *2 (D. N.J. June 1, 2007) ("[E]ven though the actual decision to grant or deny an application for adjustment of status is discretionary, the USCIS has a non-discretionary duty to act on applications within a reasonable time"). However, the Government's discretion does not include authority to refuse or unreasonably delay adjudication of a properly filed application. *See, e.g., Liu v. Novak*, 2007 WL 2460425; *Jones v. Gonzales*, 2007 U.S. Dist. LEXIS 45012, at *2 (S.D. Fla. June 21, 2007) ("[N]o agency responsible for resolving matters of public interest should be free to let those matters pend in perpetuity; otherwise would be to relieve the agency of its Congressionally-mandated duty to the public."); *Ma & Liu v. Gonzales*, Slip Copy, 2007 WL 1655188 (W.D. Wash. June 5, 2007); *Elkhatib v. Butler*, Slip Copy, 2005 WL 5226742 (S.D. Fla. June 7, 2005).

8. As set forth below, the delay in processing the Plaintiff's properly filed application for adjustment of status is unreasonable, thus placing Plaintiff's case properly in the jurisdiction of this Court.

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

### III. VENUE

9.  Venue is proper under 28 U.S.C. §1391(e), because this is an action against officers and

agencies of the United States in their official capacities, brought in the district where a

substantial part of the events or omissions giving rise to the Plaintiff's claim occurred.

The Defendant Emilio T. Gonzalez is sued in his official capacity as Director of CIS, a

United States federal agency and resident in the district. The Defendant Michael Chertoff

is sued in his official capacity as Secretary of the U.S. Department of Homeland Security

("DHS"), a United States federal agency and resident in the district. The Defendant

Robert S. Mueller is sued in his official capacity as Director of the Federal Bureau of

Investigation ("FBI"), a United States federal agency and resident in the district. The

Defendant David Roark is sued in his official capacity as Director of the CIS Texas

Service Center. Because national policy concerning adjudication of applications for

immigration benefits is formulated by the DHS and implemented by CIS, which are both

federal agencies that are resident in the district, and because the delay in CIS's

adjudication of Plaintiff's application clearly does not stem from the relatively short

period of time the petition has been at the CIS Texas Service Center, venue is proper in

this Court.[2]

### IV.    EXHAUSTION OF ADMINISTRATIVE REMEDIES

---

[2] The Plaintiff filed his I-485 Application, which is the subject of this suit, with the Defendant DHS's CIS Vermont Service Center on July 15, 2004 and that application was transferred to the Defendant DHS's CIS Texas Service Center on March 15, 2007. The application has now been pending with CIS for over 3 years, but the application has only been at the Texas Service Center since March 2007. *See* Exh. 3; *see* Exh. 7. Because national policy regarding security background checks is formulated by the DHS in Washington D.C. and implemented by CIS, and both are federal agencies, venue is proper in this district.

6

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

10. No exhaustion requirements apply to the Plaintiff's complaint for a Writ of Mandamus. The Plaintiff is owed a duty—the adjudication of his application to adjust status, which has been duly filed with CIS. CIS has unreasonably delayed and failed to adjudicate this application. The Plaintiff has no other adequate remedy available for the harm he seeks to redress—the failure of CIS to process his application to adjust status in a timely manner.

## V.    PARTIES

11. The Plaintiff, Dr. Yun Dai, is an assistant professor of medicine at the Virginia Commonwealth University and a cancer researcher at the Massey Cancer Center, where he is indispensable to the study and development of innovative treatments for patients with incurable, and in most cases, fatal blood cancers. Dr. Dai is a citizen of China and was born on July 27, 1962. He has resided in the United States since 1999. His alien registration number is A75 462 516.

12. The Defendants, EMILIO T. GONZALEZ, Director, CIS; MICHAEL CHERTOFF, Secretary, DHS; ROBERT S. MUELLER, Director, FBI; and DAVID ROARK, Director, CIS Texas Service Center; are charged by law with the statutory and regulatory obligation to perform background security checks and determine eligibility for adjustment of status to lawful permanent resident, pursuant to 8 U.S.C. §1103 and §1255, and 8 C.F.R. §245.2(a)(5)(i) and §245.6. CIS is the agency of DHS responsible for adjudicating adjustment of status applications under the INA and has the sole authority to do so, pursuant to 8 C.F.R. §245.2(a)(1) (requiring any alien who believes he meets the eligibility requirements of Section 245 of the Act to apply to the director having

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

7

jurisdiction over his place of residence). The FBI is the agency responsible for completing security checks, including name and fingerprint checks, for applicants for immigration benefits including adjustment of status.

## VI.    FACTS AND PROCEDURAL HISTORY

13.  The Plaintiff, Dr. Yun Dai, is a Chinese citizen but has resided in the United States since 1999. He earned his Ph.D. in cell biology at the First Medical University of China in 1994. *See* Exh. 1. In 1999, he entered the United States as a post-doc Research Fellow at the Division of Biochemistry in the University of Pennsylvania. *Id.* He is now an Assistant Professor at the Virginia Commonwealth University and a researcher at the Massey Cancer Center. Dr. Dai has devoted the greater part of the past seven years to studying the development of novel treatment approaches for often fatal blood cancers. His groundbreaking work has been instrumental in securing several large competitive grants for the study of cancer. *See* Exh. 2. Adjudication of Dr. Dai's Adjustment Application is necessary to allow him to continue his novel research contributions to the United States as well as to enable him to obtain the necessary funding for his important work. *Id.*

14.  Dr. Dai has always maintained lawful immigration status in the U.S. and has never engaged in any illicit activities. He has been steadily employed in this country in the field of biology and internal medicine. Dr. Dai has never been arrested, charged, or convicted of any crime.

15.  Dr. Dai filed his application for adjustment of status (Form I-485) with the CIS Vermont Service Center on July 15, 2004, over three years ago. *See* Exh. 3. His adjustment of

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

8

status application is based on an approved immigrant petition for alien worker (Form I-140) as an Outstanding Professor or Researcher at the Virginia Commonwealth University, which was approved on December 20, 2004. *See* Exh. 4; *see also* INA §203(b)(1)(B). As directed, on April 11, 2005, Dr. Dai submitted his fingerprints to CIS. *See* Exh. 5.

16. On two occasions, September 18 and September 22 of 2006, and more than a year after submitting his fingerprints, Dr. Dai's previous attorney made telephonic and written inquiries to CIS regarding the status of his case. Exh 6.

17. On October 20, 2006, Dr. Dai's previous attorney received a response letter from CIS stating the following:

> The processing of your petition/application has been delayed. All petitions/applications received by this Service are required to have routine security checks that are resulting in delays of the adjudication of petitions/applications. We have no control over how long these checks will take and we can give no definite indication of when they will be completed.

Id.

18. On March 15, 2007, CIS transferred Dr. Dai's adjustment of status application to the CIS Texas Service Center. *See* Exh. 7.

19. On August 27, 2007, Dr. Dai's previous attorney submitted an inquiry to the CIS Texas Service Center through the American Immigration Lawyer's Association (AILA) Service Center Liason. *See* Exh. 8. On September 4, 2007, the AILA Liason informed Dr. Dai that his case remained pending due to "FBI name checks." Exh. 9.

20. On October 25, 2007, more than three years after Dr. Dai originally filed his Adjustment Application, undersigned counsel wrote to Ms. Evelyn Upchurch, Defendant Roark's

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

9

predecessor at the Texas Service Center, requesting that Defendant take steps to resolve Dr. Dai's long standing case within 30 days. *See* Exh. 10. Again, Defendants failed to respond or take action in Dr. Dai's case.

21. CIS's published guidelines indicate that the Texas Service Center is currently reviewing employment-based adjustment of status applications filed 6 months ago. *See* Exh. 11, CIS Texas Service Center Processing Dates Posted November 14, 2007, *available at* https://egov.uscis.gov/cris/jsps/Processtimes.jsp?SeviceCenter=TSC (last visited Dec. 6, 2007). Dr. Dai's Application for Adjustment of Status has clearly been delayed well beyond the normal processing times.

22. The Plaintiff is eager to obtain lawful permanent resident status and the lengthy delay by the Defendants in adjudicating his application is of great concern to him. The Plaintiff's ability to pursue opportunities for professional advancement and grants for nationally important scientific work are negatively impacted by the Defendants' failure to adjudicate his application within a reasonable period of time. Furthermore, CIS's lengthy delay in the adjudication of the Plaintiff's application is not only depriving him of the ability to enhance his contributions to the U.S. national health through his research, but is also causing him severe mental anguish due to the uncertainty of his immigration situation and his inability to travel on short notice to visit family in China.

23. The Defendant CIS has unreasonably failed to issue a final decision on the Plaintiff's application for adjustment of status. As more than three years have elapsed since the Plaintiff properly filed his adjustment of status application, the Plaintiff requests that this Court compel CIS to adjudicate his application without further delay.

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

24. Numerous federal district courts have ruled that adjudication of a properly filed adjustment of status application, including completion of all necessary background checks, is a purely ministerial, non-discretionary act which the Government is under an obligation to perform in a timely manner. *See, e.g., Liu v. Novak*, 2007 WL 2460425, at *4 ("[T]here is ... significant district court authority holding that §1252(a)(2)(B)(ii) does *not* bar judicial review of the pace of application processing or the failure to take an action"); *Duan*, 2007 WL 626116, at *3 (CIS has "a non-discretionary duty to process or adjudicate an adjustment application" and "that duty supports a mandamus action"); *see also Chen v. Chertoff*, Slip Copy, 2007 U.S. Dist. LEXIS 68536, at *12 (N.D. Cal. Sept. 6, 2007) ("And while the discretion allotted by statute includes whether or not to grant an adjustment of status, it does not extend to processing the applications at any indefinite length of time or withholding action upon an application altogether"); *Liu v. Chertoff*, Slip Copy, 2007 WL 2435157 (D. Or. Aug. 29, 2007); *Tang v. Chertoff*, Slip Copy, 2007 U.S. Dist. LEXIS 64022 (E.D. Ky. Aug. 29, 2007); *Xu v. Chertoff*, Slip Copy, 2007 WL 2033834, (D. N.J. Jul. 11, 2007); *Toor v. Still*, 2007 WL 2028407 (N.D. Cal. Jul. 10, 2007); *Jones v. Gonzales*, 2007 U.S. Dist. LEXIS 45012 (S.D. Fla. June 21, 2007); *Quan v. Chertoff*, Slip Copy, 2007 WL 1655601, N.D. Cal., June 7, 2007); *Ma & Liu*, 2007 WL 1655188, at *4; *Pool*, 2007 WL 1613272; *Ibrahim v. Chertoff*, Slip Copy, 2007 WL 1558521 (S.D. Cal. May 25, 2007); *Chen v. Heinauer*, Slip Copy, 2007 WL 1468789 (W.D. Wash. May 18, 2007); *Koren v. Chertoff*, Slip Copy, 2007 WL 1431948 (D. Conn. May 14, 2007); *Dmitriev v. Chertoff*, Slip Copy, 2007 WL 1319533 (N.D. Cal. May 4, 2007); *Huang v. Gonzales*, Slip Copy, 2007 WL 1302555 (W.D. Wash. May 2, 2007);

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

11

*Wu v. Chertoff*, Slip Copy, 2007 WL 1223858 (N.D. Cal. Apr. 25, 2007); *Song v. Klapakas*, Slip Opinion, 2007 WL 1101283 (E.D. Pa. Apr. 12, 2007); *Mahd v. Chertoff*, Slip Copy, 2007 WL 891867 (D. Colo. Mar. 22, 2007); *Singh v. Still*, 470 F. Supp. 2d 1064 (N.D. Cal. 2006); *Aboushaban v. Mueller*, Slip Copy, 2006 WL 3041086 (N.D. Cal. Oct. 24, 2006); *Zahani v. Neufeld*, Slip Copy, 2006 WL 2246211 (M.D. Fla. June 26, 2006); *Elkhatib*, 2005 WL 5226742.

## VII.  CAUSE OF ACTION

25. The Plaintiff is entitled to adjust his status pursuant to 8 U.S.C. §1151(a)(2).

26. The Defendants have sufficient information to determine the Plaintiff's eligibility for adjustment of status pursuant to applicable requirements.    Notwithstanding, the Defendant CIS has unreasonably delayed and refused to adjudicate the Plaintiff's application to adjust status for over three years, thereby depriving the Plaintiff of his right to a decision on his immigration status and the peace of mind to which he is entitled.

27. The Plaintiff has been further prejudiced by CIS's undue delay in adjudicating his adjustment of status application, because he has been forced to repeatedly apply (and pay) for extensions of employment authorization and travel documentation, all to the further detriment of the Plaintiff. *See* 8 C.F.R. §274a.12(c)(9).

28. Although the Plaintiff is highly qualified, he also has been unable to advance his career and secure new grants for funding of his nationally important work, for example from the National Institutes of Health, because of the lack of stability in his immigration status. This has restricted him both financially and professionally, and is unfortunate as well for

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC  20036
Phone: 202-483-0053 Fax: 202-483-6801

U.S. society at large, which would certainly benefit from further advancements in the treatment of cancer.

29. The Plaintiff's ability to travel out of the country has also been restricted, as he is required to apply for and obtain travel authorization from CIS before traveling abroad while his immigration status remains pending.  The delay in adjudication of travel documentation varies greatly and the Plaintiff faces inconvenience and uncertainty whenever he wishes to travel.

30. The Defendants' inaction in the Plaintiff's case has caused unfair amounts of stress, expense, and hassle for the Plaintiff, who seeks nothing more than to continue his nationally important work in cancer research and treatment at the Massey Cancer Center. Plaintiff is entitled to a decision on his application to adjust status without further unreasonable delay.

## VIII.   CLAIMS

31. The Defendant CIS has willfully and unreasonably failed to adjudicate the Plaintiff's application for adjustment of status for over three years, thereby depriving the Plaintiff of his rights under 8 U.S.C. §1151(a)(2).  Pursuant to 5 U.S.C. §555(b) and §702 (APA), "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added).

32. The Defendant CIS owes the Plaintiff a duty to adjudicate his adjustment of status application, and has unreasonably failed to perform that duty. *See Matter of Sealed Case*, 151 F.3d at 1063 (holding that mandamus is an appropriate remedy whenever a party

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC  20036
Phone: 202-483-0053 Fax: 202-483-6801

demonstrates a clear right to have an action performed by a government official who refuses to act and that no other adequate means to attain the relief exist); *Liberty Fund, Inc.*, 394 F. Supp. 2d at 114 (same); *see also Donovan v. United States*, 580 F.2d 1203, 1208 (3d Cir. 1978) (same).

33. This Court should grant the Plaintiff's writ of mandamus because the Plaintiff has no alternative means to obtain adjudication of his application for adjustment of status and his right to issuance of the writ is "clear and indisputable." *Allied Chemical Corp. v. Daiflon Inc.*, 449 U.S. 33, 35 (1980).

34. The Plaintiff is entitled to action on his long-pending adjustment of status application because an unreasonable amount of time has passed since his application was filed on July 15, 2004. CIS has, to date, failed to make a determination on that application.

WHEREFORE, the Plaintiff prays that the Court:

1. Compel the Defendants and those acting under them to take all appropriate action to perform their duty to adjudicate the Plaintiff's adjustment of status application without further delay;

2. Grant such other and further relief as this Court deems proper under the circumstances; and,

3. Grant attorney's fees and costs of Court to the Plaintiff under the Equal Access to Justice Act.

Respectfully submitted this 7th day of December 2007,

YUN DAI

Thomas K. Ragland
MAGGIO & KATTAR
11 Dupont Circle, NW Suite 775
Washington, DC 20036
Phone: 202-483-0053 Fax: 202-483-6801

14

*By counsel,*

_____

Thomas K. Ragland
DC Bar Number: 501021
MAGGIO & KATTAR
11 Dupont Circle, NW, Suite 775
Washington, DC 20036
Phone:  (202) 483-0053
Fax:  (202) 483-6801

*Counsel for Plaintiff*

## VERIFICATION

I, Yun Dai, under penalty of perjury, state the following:

I affirm the truth of the factual contents of the foregoing Verified Complaint for

Mandamus and Declaratory Judgment, upon information and belief.

Dated: _12/04/2007_

Place: _Virginia Commonwealth University, Richmond VA._

_____
Yun Dai

# CURRICULUM VITAE

## Yun Dai , Ph.D.

**Present Position:**     Assistant Professor

Division of Hematology and Oncology
Department of Internal Medicine
Massey Cancer Center
Virginia Commonwealth University
Box 980035, 234 Goodwin
401 College Street
Richmond, VA 23298
USA
Phone:        (804)-828-5168
Fax:          (804)-225-3788
E-mail:       ydai@vcu.edu

## EDUCATION

**1991-1994**     Ph.D., Laboratory of Cell Biology, the First Military Medical University.

**1985-1988**     Master, Laboratory of Cell Biology, the First Military Medical University.

**1978-1983**     Bachelor, Department of Medicine, the First Military Medical University.

## PROFESSIONAL EXPERIENCE

**Jul. 2003-Present**     **Assistant Professor**
Department of Internal Medicine
Massey Cancer Center
Virginia Commonwealth University
Richmond, Virginia
USA

**2002-Jul. 2003**     **Instructor in Medicine**
Department of Internal Medicine
Medical College of Virginia
Virginia Commonwealth University
Richmond, Virginia
USA

| 2000-2002 | **Post-Doc Research Associate** |
| | Department of Internal Medicine |
| | Medical College of Virginia |
| | Virginia Commonwealth University |
| | Richmond, Virginia |
| | USA |

| 1999–2000 | **Post-Doc Research Fellow** |
| | Division of Biochemistry |
| | Department of Animal Biology |
| | The School of Veterinary Medicine |
| | University of Pennsylvania |
| | Philadelphia, Phennsyvania |
| | USA |

| 1998-1999 | **Professor** |
| | Laboratory of Cell Biology |
| | Department of Histology and Embryology |
| | The First Military Medical University |
| | Guangzhou |
| | China |

| 1994-1998 | **Associate Professor** |
| | Laboratory of Cell Biology |
| | Department of Histology and Embryology |
| | The First Military Medical University |
| | Guangzhou |
| | China |

| 1988-1991 | **Lecturer** |
| | Laboratory of Cell Biology |
| | Department of Histology and Embryology |
| | The First Military Medical University |
| | Guangzhou |
| | China |

| 1983-1985 | **Teaching Assistant** |
| | Laboratory of Cell Biology |
| | Department of Histology and Embryology |
| | The First Military Medical University |
| | Guangzhou |
| | China |

## SUPERVISOR TO STUDENTS

Dong-ping Jiang      Master, 1997-2000
Li Lou               Master, 1998-2001

## ADVISOR TO STUDENTS

Rena Shah            Master, 2006-2007
Payal Khanna         Master, 2004-2006
Wei-ren Dong         Ph.D., 1995-1998
Xue-mei Tian         Ph.D., 1995-1998
Guo-qiang Chen       Master, 1995-1998
Da-wei Xu            Master, 1995-1998

## MEMBERSHIPS

**Jul. 2005**      Active Member, the American Society of Hematology (ASH).

**Jul. 2002**      Active Member, the American Association for Cancer Research (AACR).

**Feb. 2001**      Associate Member, the American Association for Cancer Research (AACR).

**Nov. 1998**      Chief Committeeman, the Youth Academic Committee of Histology and Embryology, the Chinese Anatomy Society.

**Nov. 1998**      Committee Member, the Committee of Histology and Embryology, the Chinese Anatomy Society.

**Oct. 1997**      Council Member, the Anatomy Society of Guangdong Province.

## HONORS AND AWARDS

**Apr. 2007**      Oral presentation at Minisymposium, AACR 98th Annual Meeting 2007.
**Apr. 2006**      Oral presentation at Minisymposium, AACR 97th Annual Meeting 2006.
**Jun. 2002**      2nd Place Excellence in Cancer Research Poster Presentation Award, VCU's Massey Cancer Center.
**Nov. 1998**      Edition Committeeman, Chinese Journal of Clinical Anatomy.
**Jun. 1998**      Peer Reviewer, Natural Science Foundation of Guangdong Province.
**May 1998**       Peer Reviewer, National Natural Science Foundation of China.
**Oct. 1998**      Special Editor, Journal of Chinese General Practice.
**Sep. 1996**      Chairperson, 4th China-Japan Joint Histochemistry and Cytochemistry Symposium (Chongqing, China), the Chinese and Japanese Society for Histochemistry and Cytochemistry.

3

| | |
|---|---|
| **Aug. 1996** | Award for Junior Investigator, 10th International Congress of Histochemistry and Cytochemistry" (Kyoto, Japan), the International Federation of Societies for Histochemistry and Cytochemistry. |
| **May 1996** | Award for Outstanding Research in Science and Technology, the First Military Medical University. |
| **Apr. 1996** | Edition Committeeman, Journal of Medical Colleges of PLA (English Version). |
| **Oct. 1995** | Third Place Award for Outstanding Teaching, the First Military Medical University. |
| **Jul. 1995** | Award for Excellence in Paper Presentation, 4th Chinese Youth Academic Conference of Histology and Embryology (Beijing, China), the Chinese Society of Anatomy. |
| **Oct. 1994** | Research Award (Grant), National Natural Science Foundation of China. |
| **Dec. 1993** | Award for Excellence in Paper Presentation, 1st Chinese Youth Academic Conference in Life Science (Beijing, China), the National Natural Science Foundation of China |
| **Oct. 1993** | 1st Place Award as Outstanding Postgraduate Fellow and Zeng Xianzi Scholarship, Guangdong Province. |
| **Jul. 1992** | 2nd Place Award in Science and Technology, PLA. |
| **Dec. 1990** | Award for Outstanding Research in Science and Technology, the First Military Medical University. |
| **Feb. 1990** | Edition Committeeman, Journal of Guangdong Anatomical Bulletin. |
| **Oct. 1989** | Research Award (Grant), National Natural Science Foundation of China. |
| **Sep. 1989** | 2nd Place Award for Outstanding Teaching, the First Military Medical University. |

# PUBLICATIONS (in USA)

1.  Dasmahapatra G, Yerram N, **Dai Y**, Dent P, Grant S. Synergistic interactions between vorinostat and sorafenib in chronic myelogenous leukemia cells involve Mcl-1 and p21CIP1 down-regulation. Clin Cancer Res 13(14):4280-90, 2007.

2.  Pei XY, **Dai Y**, Tenorio S, Lu J, Harada H, Dent P, Grant S. MEK1/2 inhibitors potentiate UCN-01 lethality in human multiple myeloma cells through a Bim-dependent mechanism. Blood. 110(6):2092-101, 2007.

3.  **Dai Y**, Grant S. Targeting multiple arms of the apoptotic regulatory machinery. Cancer Res. 67(7):2908-11, 2007.

4.  **Dai Y**, Khanna P, Chen S, Pei XY, Dent P, Grant S. Statins synergistically potentiate 7-hydroxystaurosporine (UCN-01) lethality in human leukemia and myeloma cells by disrupting Ras farnesylation and activation. Blood. 109(10):4415-23, 2007.

5.  Chen S, **Dai Y**, Harada H, Dent P, Grant S. Mcl-1 down-regulation potentiates ABT-737 lethality by cooperatively inducing Bak activation and Bax translocation. Cancer Res. 67(2):782-91, 2007.

6.  Pei X-Y, Li W, **Dai Y**, Dent P, Grant S. Dissecting the roles of Chk1/cdc2 and MEK1/2/ERK1/2 in relation to UCN-01-induced apoptosis in human multiple myeloma cells. Mol Pharmacol. 70(6):1965-73, 2006.

7.  **Dai Y**, Grant S. CDK inhibitor targets: a hit or miss proposition? cyclin-dependent kinase inhibitors kill tumor cells by downregulation of anti-apoptotic proteins. Cancer Biol Ther. 5(2):171-3, 2006.

8.  **Dai Y**, Hamm TE, Dent P, Grant S. Cyclin D1 overexpression increases the susceptibility of human U266 myeloma cells to CDK inhibitors through a process involving p130-, p107- and E2F-dependent S phase entry. Cell Cycle. 5(4):437-46, 2006.

9.  Hawkins W, Mitchell C, McKinstry R, Gilfor D, Starkey J, **Dai Y**, Dawson K, Ramakrishnan V, Roberts JD, Yacoub A, Grant S, Dent P. Transient exposure of mammary tumors to PD184352 and UCN-01 causes tumor cell death in vivo and prolonged suppression of tumor regrowth. Cancer Biol Ther. 4(11):1275-84, 2005.

10. **Dai Y**, Rahmani M, Dent P, Grant S. Blockade of histone deacetylase inhibitor-induced RelA/p65 acetylation and NF-κB activation potentiates apoptosis in leukemia cells through a process mediated by oxidative damage, XIAP downregulation, and c-Jun N-terminal kinase 1 activation. Mol Cell Biol 25(13):5429-5444, 2005.

11. Rahmani M, Reese E, **Dai Y**, Bauer C, Payne SG, Dent P, Spiegel S, Grant S. Coadministration of histone deacetylase inhibitors and perifosine synergistically induces apoptosis in human leukemia cells through Akt and ERK1/2 inactivation and the generation of ceramide and reactive oxygen species. Cancer Res 65(6):2422-2432, 2005.

12. **Dai Y**, Rahmani M, Pei XY, Khanna P, Han SI, Mitchell C, Dent P, Grant S. Farnesyltransferase inhibitors interact synergistically with the Chk1 inhibitor UCN-01 to induce apoptosis in human leukemia cells through interruption of both Akt and MEK/ERK pathways and activation of SEK1/JNK. Blood 105(4):1706-1716, 2005.

13. Rahmani M, Reese E, **Dai Y**, Bauer C, Kramer LB, Huang M, Jove R, Dent P, Grant S. Cotreatment with suberanoylanilide hydroxamic acid and 17-allylamino 17-demethoxygeldanamycin synergistically induces apoptosis in Bcr-Abl+ Cells sensitive

and resistant to STI571 (imatinib mesylate) in association with down-regulation of Bcr-Abl, abrogation of signal transducer and activator of transcription 5 activity, and Bax conformational change. Mol Pharmacol 67(4):1166-1176, 2005.

14.  Pei XY, **Dai Y**, Rahmani M, Li W, Dent P, Grant S. The farnesyltransferase inhibitor L744832 potentiates UCN-01-induced apoptosis in human multiple myeloma cells. Clin Cancer Res 11(12):4589-4600, 2005.

15.  **Dai Y**, Rahmani M, Corey SJ, Dent P, Grant S. A Bcr/Abl-independent, Lyn-dependent form of imatinib mesylate (STI-571) resistance is associated with altered expression of Bcl-2. J Biol Chem 279(33):34227-34239, 2004.

16.  Pei XY, **Dai Y**, Grant S. The small-molecule Bcl-2 inhibitor HA14-1 interacts synergistically with flavopiridol to induce mitochondrial injury and apoptosis in human myeloma cells through a free radical-dependent and Jun NH2-terminal kinase-dependent mechanism. Mol Cancer Ther 3(12):1513-1524. 2004.

17.  Rosato RR, **Dai Y**, Almenara JA, Maggio SC, Grant S. Potent antileukemic interactions between flavopiridol and TRAIL/Apo2L involve flavopiridol-mediated XIAP downregulation. Leukemia 18(11):1780-1788, 2004.

18.  **Dai Y**, Rahmani M, Pei XY, Dent P, Grant S. Bortezomib and flavopiridol interact synergistically to induce apoptosis in chronic myeloid leukemia cells resistant to imatinib mesylate through both Bcr/Abl-dependent and -independent mechanisms. Blood 104(2):509-518, 2004.

19.  **Dai Y**, Pei XY, Rahmani M, Conrad DH, Dent P, Grant S. Interruption of the NF-kappaB pathway by Bay 11-7082 promotes UCN-01-mediated mitochondrial dysfunction and apoptosis in human multiple myeloma cells. Blood 103(7):2761-2770, 2004.

20.  **Dai Y**, Grant S. Small molecule inhibitors targeting cyclin-dependent kinases as anticancer agents (review). Curr Oncol Rep 6(2):123-130, 2004.

21.  Gao N, **Dai Y**, Rahmani M, Dent P, Grant S. Contribution of disruption of the NF-{kappa}B pathway to induction of apoptosis in human leukemia cells by histone deacetylase inhibitors and flavopiridol. Mol Pharmacol. 66(4):956-963, 2004.

22.  Pei XY, **Dai Y**, Grant S. Synergistic induction of oxidative injury and apoptosis in human multiple myeloma cells by the proteasome inhibitor bortezomib and histone deacetylase inhibitors. Clin Cancer Res 10(11):3839-3852, 2004.

23.  Maggio SC, Rosato RR, Kramer LB, **Dai Y**, Rahmani M, Paik DS, Czarnik AC, Payne SG, Spiegel S, Grant S. The histone deacetylase inhibitor MS-275 interacts synergistically with fludarabine to induce apoptosis in human leukemia cells. Cancer Res 64(7):2590-2600, 2004.

24.  **Dai Y**, Rahmani M, Grant S. Proteasome inhibitors potentiate leukemic cell apoptosis induced by the cyclin-dependent kinase inhibitor flavopiridol through a SAPK/JNK- and NF-kappaB-dependent process. Oncogene 22(46):7108-7122, 2003.

25.  **Dai Y**, Dent P, Grant S. Tumor necrosis factor-related apoptosis-inducing ligand (TRAIL) promotes mitochondrial dysfunction and apoptosis induced by 7-hydroxystaurosporine and mitogen-activated protein kinase kinase inhibitors in human leukemia cells that ectopically express Bcl-2 and Bcl-xL. Mol Pharmacol 64(6):1402-1409, 2003.

26.   **Dai Y**, Grant S. Cyclin-dependent kinase inhibitors (review). Curr Opin Pharmacol 3(4):362-370, 2003.

27.   **Dai Y**, Rahmani M, Grant S. An intact NF-kappaB pathway is required for histone deacetylase inhibitor-induced G1 arrest and maturation in U937 human myeloid leukemia cells. Cell Cycle 2(5):467-472, 2003.

28.   Pei XY, **Dai Y**, Grant S. The proteasome inhibitor bortezomib promotes mitochondrial injury and apoptosis induced by the small molecule Bcl-2 inhibitor HA14-1 in multiple myeloma cells. Leukemia 17(10):2036-2045, 2003.

29.   Rahmani M, Yu C, **Dai Y**, Reese E, Ahmed W, Dent P, Grant S. Coadministration of the heat shock protein 90 antagonist 17-allylamino- 17-demethoxygeldanamycin with suberoylanilide hydroxamic acid or sodium butyrate synergistically induces apoptosis in human leukemia cells. Cancer Res 63(23):8420-8427, 2003.

30.   Rosato RR, Almenara JA, **Dai Y**, Grant S. Simultaneous activation of the intrinsic and extrinsic pathways by histone deacetylase (HDAC) inhibitors and tumor necrosis factor-related apoptosis-inducing ligand (TRAIL) synergistically induces mitochondrial damage and apoptosis in human leukemia cells. Mol Cancer Ther 2(12):1273-1284, 2003.

31.   Yu C, Rahmani M, **Dai Y**, Conrad D, Krystal G, Dent P, Grant S. The lethal effects of pharmacological cyclin-dependent kinase inhibitors in human leukemia cells proceed through a phosphatidylinositol 3-kinase/Akt-dependent process. Cancer Res 63(8):1822-1833, 2003.

32.   Decker RH, Levin J, Kramer L, **Dai Y** and Grant S. Enforced expression of the tumor suppressor p53 renders human leukemia cells (U937) more sensitive to 1-[β-D-arainofuranosyl]-cytosine (ara-C)-induced apoptosis. Biochem Pharmacol 65(12):1997-2008, 2003.

33.   Yu C, **Dai Y**, Dent P, Grant S. Coadministration of UCN-01 with MEK1/2inhibitors potently induces apoptosis in Bcr/Abl(+) leukemia cells sensitive and resistant to STI571. Cancer Biol Ther 1(6):674-682, 2002.

34.   **Dai Y**, Landowoski HT, Rosen TS, Dent P, Grant S. Combined treatment with the checkpoint abrogator UCN-01 and MEK1/2 inhibitors potently induces apoptosis in drug-sensitive and –resistant myeloma cells through an IL-6-independent mechanism. Blood 100(9):3333-3343, 2002.

35.   Decker RH, Wang S, **Dai Y**, Dent P and Grant S. Loss of Bcl-2 phorsphorylation loop domain is required to protect human myoloid leukemia cells from flavopiridol-mediated mitochondrial damage and apoptosis. Cancer Biol Ther 1(2):136-144, 2002.

36.   McKinstry R., Qiao L., Yacoub A, **Dai Y**, et al. Inhibitors of MEK1/2 interact with UCN-01 to induce apoptosis and reduce colony formation in mammary and prostate carcinoma cells. Cancer Biol Ther 1(3):243-253, 2002.

37.   **Dai Y**, Dent P, Grant S. Induction of apoptosis in human leukemia cells by the CDK1 inhibitor CGP74514A. Cell Cycle 1(2):143-152, 2002.

38.   Cartee L, Smith R, **Dai Y**, Rahmani M, Rosata A, Almenara J, Dent P, Grant S. Synergistic induction of apoptosis in human myeloid leukemia cells (U937 and HL-60) by PMA and flavopiridol proceeds via activation of both the intrinsic and TNF-mediated extrinsic cell death pathway. Mol Pharmacol 61(6):1313-1321, 2002.

39. Wang Z, Wang S, **Dai Y**, Grant S. Bryostatin 1 increases 1-β-D-arabinofuranosylcytosine-induced cytochrome c release and apoptosis in human leukemia cells ectopically expressing Bcl-X$_L$. J Pharmacol Exp Ther 301(2):568-577, 2002.

40. Rahmani M, **Dai Y**, Grant S. The Histone deacetylase inhibitor sodium butyrate interacts synergistically with phorbol myristate acetate (PMA) to induce mitochondrial damage and apoptosis in human myeloid leukemia cells through a TNFα-mediated process. Exp Cell Res 277(1):31-47, 2002.

41. **Dai Y**, Yu J, Singh V, Tang L, Wang Z, McInistry R, Dent P, Grant S. Pharmacologic inhibitors of the MEK/MAPK cascade interact synergistically with UCN-01 to induce mitochondrial dysfunction and apoptosis in human leukemia cells. *Cancer Res* 61(13):5106-5115,2001.

42. Decker RH, **Dai Y**, Grant S. The cyclin-dependent kinase inhibitor flavopiridol induces apoptosis in human leukemia cells (U937) through the mitochondrial rather than the receptor-mediated pathway. *Cell Death Differ* 8(7):715-724, 2001.

43. Harvey S, Decker R, **Dai Y**, Schaefer G, Tang L, Kramer L, Dent P, Grant S. Interactions between 2-fluoroadenine 9-β-D-arabinofuranoside and the kinase inhibitor UCN-01 in human leukemia and lymphoma cells. *Clin Cancer Res* 7(2):320-330, 2001.

## **PUBLICATIONS** (in China)

1. **Dai** Y. Apoptosis and intracellular signals. *Chin J Cell Biol* 3:116, 1998.

2. Wu PS, Liang XW, **Dai Y**, et al. Aldosterone biosynthesis in extraadrenal tissues. *Chin J Med* 112:414,1999.

3. Ge LL, Zhang W, **Dai Y**. IL-1 induced expression of endothelial VCAM-1 in co-culture with monocytes: laser confocal microscopic analysis (abs). *Chin J Anat* 21:208,1998.

4. Ge LL, Zhang W, **Dai Y**. Scanning electron-microscopic observations on monocyte-endothelium co-culture (abs). *Chin J Anat* 21:208,1998.

5. Wu PS, Liang XW, **Dai Y**, et al. Aldosterone biosynthesis in extra-adrenal tissues. *Chin J of Cardiol* 26:139,1998.

6. Dong WR, **Dai Y**, et al. New concepts about regression of human atherosclerosis. *Gerontol Aged Health* 4:43, 1998.

7. Dong WR, Li J, **Dai Y**, et al. NO inhibited neointima formation caused by vascular damage. *Acad J of the First Mil Med Univ* 18:78, 1998.

8. Dong WR, Chen LB, Wang N, Li J, **Dai Y**, et al. Thrombin down-regulated expression of platelet membrane glycoproteins. *The Collection of Research Papers in Medicine of China*, Published by Academic Press, Beijing. 1998, pp22.

9. Dong WR, Chen LB, Wang N, **Dai Y**, et al. Detecting exposed platelet membrane protein GPIIb-IIIa in whole-blood samples by flow cytometry. *The Collection of Research Papers in Medicine of China*, Published by Academic Press, Beijing. 1998, pp25-26.

10. Dong WR, Chen LB, **Dai Y**, et al. Flow cytometric evaluation of membrane protein GPIB-IX on whole-blood platelets. *The Collection of Research Papers in Medicine of China*, Published by Academic Press, Beijing. 1998, pp28-29.

11. Dong WR, Wang N, An J, Chen LB, Li J, **Dai Y**, et al. Insulin inhibited expression of P-selectin on platelets. *The Collection of Research Papers in Medicine of China*, Published by Academic Press, Beijing. 1998, pp40-41.

12. Dong WR, Wang N, An J, Li J, Zhang SC, **Dai Y**, et al. Using flow cytometry to monitor expression of platelet P-selectin in whole-blood samples. *The Collection of Research Papers in Medicine of China*, Published by Academic Press, Beijing. 1998, pp44-45.

13. Dong WR, Wang N, Chen LB, Li J, Zhang SC, **Dai Y**, et al. Expression of platelet P-selectin was inhibited by L-arginin. *The Collection of Research Papers in Medicine of China*, Published by Academic Press, Beijing. 1998, pp166-167.

14. Dong WR, Chen LB, Wang N, An J, Li J, **Dai Y**, et al. Estradiol inhibited expression of platelet P-selectin in whole-blood. *The Collection of Research Papers in Medicine of China*, Published by Academic Press, Beijing. 1998, pp167-168.

15. Dong WR, Wang N, Chen LB, Li J, **Dai Y**, et al. Expression of platelet GPIIb-IIIa in menopause women: flow cytometric studies. *The Collection of Research Papers in Medicine of China*, Published by Academic Press, Beijing. 1998, pp380-381.

16. Dong WR, Wang N, Chen LB, Li J, **Dai Y**, et al. Determining expression of P-selectin on platelets of menopause women by flow cytometry. *The Collection of Research Papers in Medicine of China*, Published by Academic Press, Beijing. 1998, pp381-382.

17. **Dai Y**, Zhang B. Continuous expression of c-fos oncogene in vascular smooth muscle cells during apoptosis (abs). *Progress in Anat Sci* 3:220, 1997.

18. **Dai Y**. Identification of apoptosis. *Progress in Anat Sci* 3:298, 1997.

19. **Dai Y**. Intracellular modulation of human platelet shape change reaction: scanning microscopic study (abs). *Guangdong Anat Bull* 18:60, 1996.

20. **Dai Y**. Apoptosis: a new model of cell death. *Med Recapitulate* 2:152, 1996.

21. **Dai Y**, Li J. Studies of platelet activation and its modulation: radioimmunoassay and immunohistochemistry (abs). *Acta Histochem Cytochem* 29:876, 1996.

22. **Dai Y**, Li J. Morphometric studies of platelets in coronary heart diseases. *Academic Library of Chinese Medicine*, Published by Scientific and Technological Literature Press, Beijing. 1996, #YA1927.

23. **Dai Y**, Li J. Exposure of membrane proteins on human platelets and its regulation: radioimmunoassay and immunohistochemical study. *Advances in Histochemistry and Cytochemistry*, Published by Chongqing Publishing House, Chongqing. 1996, pp145-146.

24. **Dai Y**. Signal transduction of platelet activation. *Prog in Anat Sci* 1:149, 1995.

25. **Dai Y**, Li J. Evidence for thrombin-induced platelet secretion regulated by the cytoskeleton. *Acta Biol Exp Sinica (Shi Yan Sheng Wu Xue Bao)* 28:236, 1995.

26. **Dai Y**, Li J. Expression and modulation of sis gene and PDGF-A chain in bone-marrow megakaryocytes (abs). *Guangdong Anat Bull* 17:128, 1995.

27. **Dai Y**, Li J. Surface morphology and antigen adhesion of intestinal M cells in rats. *Chin J Anat* 18:341,1995.

28. **Dai Y**. Platelet-derived endothelial cell growth factor. *Foreign Med* 17:92,1994.

29. **Dai Y**, Li J. Roles of platelets in acute cerebral infarction: a stereological study. *Chin J Nerv Ment Dis* 20:305, 1994.

30. **Dai Y**, Li J. The hypersensitive state of platelets in patients with atherosclerosis: an ultrastructural study. *Guangdong Anat Bull* 16:51, 1994.

31. **Dai Y**, Li J. Morphometric analysis of thrombocyte electron microscopic images in acute ischemic stroke. *Chin J Immunohistochem Immunocytochem* 2:33, 1993.

32. **Dai Y**, Li J. Roles of cytoskeleton in platelet release reaction. *Acad J of the First Mil Med Univ* 13:543, 1993.

33. **Dai Y**, Li J. Changes of alpha-granules, dense bodies and mitochondria in platelets from patients with acute cerebral infarction (abs). *Guangdong Anat Bull* 15:74, 1993.

34. **Dai Y**. Platelet granule membrane protein (GMP-140). *Foreign Med* 15:199,1992.

35. **Dai Y**, Li NL. Expression of platelet a-granule membrane protein in CHD patients (abs). *Chin J Anat*15:335,1992.

36. **Dai Y**, Li J. Detection of platelet GMP-140 in patients with coronary heart disease and its clinical significance. *Clin J Cardiol* 8:194, 1992.

37. **Dai Y**, Li NL, Li J. Determination of alpha-granule membrane protein on the surface of human activated platelets. *Acad J of the First Mil Med Univ* 12:110, 1992.

38. **Dai Y**, Li J. Stereological studies of normal human platelets. *Chin J Anat* 15:88, 1992.

39. **Dai Y**, Li J. Expression of an alpha-granule membrane protein on human platelets in coronary heart disease (abs). *Chin Med Sci J* 6:53, 1991.

40. **Dai Y**, Li J. Morphometric studies of platelets from patients with coronary heart disease. *Acad J of the First Mil Med Univ* 10:316, 1990.

## **Ongoing Research Support**

<u>ACTIVE</u>
R01 CA093738   08/01/07 to 11/30/12    50% effort
NIH/NCI                                                $225,000
NF-kappaB Inhibitors and Differentiation-Inducers in Leukemia

The V Foundation   10/01/07 - 09/30/10    50% effort
The V Foundation                                $90,909

<u>PENDING</u>
R01 CA100866    05/01/08 - 04/30/13    50% effort
NIH/NCI
Checkpoint Abrogation and MEK1/2 Inhibition in Myeloma

11

# VCU

## Massey
### Cancer Center

Virginia Commonwealth University

401 College Street
P.O. Box 980037
Richmond, Virginia 23298-0037

804 828-0450
Fax: 804 828-8453
TDD: 1-800-828-1120

December 4, 2007

David Roark, Director
Texas Service Center
U.S. Citizenship and Immigration Services
4141 St. Augustine Road
Dallas, TX 75227

Re: Yun Dai's Application to Adjust Status to Permanent Resident (A75 462516)

Dear Mr. Roark:

Dr. Yun Dai plays an extremely important role in the Virginia Commonwealth University's Massey Cancer Center, a National Cancer Institute (NCI)-designated Cancer Center, and his work has very significant implications for patients with a variety of generally incurable and in most cases fatal blood cancers. For the last 7 years, Dr. Dai, who is an Assistant Professor of Medicine within the Department of Medicine, Virginia Commonwealth Health Systems, has been devoting his efforts to the development of entirely novel approaches to the treatment of blood cancers, including acute myelogenous leukemia, chronic lymphocytic leukemia, chronic myelogenous leukemia, multiple myeloma, and non-Hodgkin's lymphoma.

Over the past several years, Dr. Dai's work has been instrumental in multiple large, NCI-sponsored awards that have been made to Virginia Commonwealth University's Massey Cancer Center, and on which he is a co-Investigator. Specifically, Dr. Dai's work served as the basis for a large NCI-supported RO1 grant, which has just been renewed for 5 years of additional funding. His work was also the driving force for two other highly competitive grants that were recently awarded by the V Foundation for Cancer Research and by the Multiple Myeloma Research Foundation.

Importantly, the basic research initiated and carried out by Dr. Dai has been the driving force behind several large multi-institutional trials that have been implemented over the last several years. These include Phase I trials of flavopiridol and vorinostat in patients with refractory acute myelogenous leukemia and myelodysplastic syndrome, a Phase I trial of Velcade and flavopiridol in patients with refractory multiple myeloma and non-Hodgkin's lymphoma, and a recently approved Phase II trial of vorinostat and Velcade in patients with refractory large cell lymphoma or mantle cell lymphoma. In addition, Dr. Dai's work has been directly responsible for two recently approved trials in patients with other refractory blood cancers: a Phase I trial of romidepsin and Velcade in patients with

1

an equal opportunity/affirmative action university

chronic lymphocytic leukemia, and a Phase I trial of MK-0457 and vorinostat in patients with refractory chronic myelogenous leukemia. It is important to note that each of the trials stimulated by Dr. Dai's work has included or will include multiple NCI-designated Cancer Centers, which attests to the importance of this work. Thus, in addition to being a highly productive scientist, Dr. Dai's work has already had very significant translational implications, and could have a dramatic impact on the way in which patients with blood cancers are treated in the future.

For all of these reasons, it is absolutely critical that Dr. Dai obtain permanent resident status in the U.S. in order for him to continue his very important work at the Massey Cancer Center, and to carry out the studies that the National Institutes of Health and the National Cancer Institute have provided him support to do. In view of his unique expertise in cell and molecular biology, as well as molecular pharmacology, he is in an outstanding position to translate basic findings into the clinical arena. Because of his unique set of skills, Dr. Dai is irreplaceable, and his loss would have very significant and negative implications for the Massey Cancer Center, and for the cancer research community in general. Consequently, it is critical to permit Dr. Dai to remain at the Massey Cancer Center to fulfill his goal of developing entirely novel treatment strategies for patients with advanced and otherwise fatal blood cancers, including acute and chronic leukemia, non-Hodgkin's lymphoma, and multiple myeloma.

Thank you very much for considering this request. Please do not hesitate to contact me if you have questions or require additional confirmation.

Sincerely yours,

Steven Grant, M.D.
Professor of Medicine, Biochemistry, and Pharmacology
Shirley Carter and Sture Olsson Professor of Oncology
Associate Director for Translational Research, Massey Cancer Center

**I-797C, Notice of Action**

## THE UNITED STATES OF AMERICA

| RECEIPT NUMBER | | | I485 - APPLICATION TO ADJUST TO PERMANENT |
| --- | --- | --- | --- |
| EAC-04-216-52413 | | | RESIDENT STATUS |

| RECEIVED DATE | PRIORITY DATE | APPLICANT | A75 462 516 |
| --- | --- | --- | --- |
| July 15, 2004 | | DAI, YUN | |

| NOTICE DATE | PAGE | | |
| --- | --- | --- | --- |
| July 21, 2004 | 1 of 1 | | |

HELEN L. KONRAD
REED SMITH LLP
RIVERFRONT PLAZA WEST TOWER
901 E BYRD STREET 17TH FLOOR
RICHMOND VA 23219

**Notice Type:** Receipt Notice

Amount received: $ 385.00

Section: Other basis for adjustment

The above application or petition has been received. It normally takes 365 to 540 days from the date of this receipt for us to process this type of case. Please notify us immediately if any of the above information is incorrect.

We will send you a written notice as soon as we make a decision on this case. You can also use the phone number (800) 375-5283 to obtain case status information direct from our automated system 24 hours a day with a touch-tone phone and the receipt number for this case (at the top of this notice).

If you have other questions about possible immigration benefits and services, filing information, or Immigration and Naturalization Service forms, please call the INS National Customer Service Center (NCSC) at **1-800-375-5283**. If you are hearing impaired, please call our TDD at **1-800-767-1833**.

You can also visit the INS on the internet at www.bcis.gov. On our web site you can get up-to-date case status information on your case and find valuable information about our immigration services and benefits.

Please see the additional information on the back. You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
**Customer Service Telephone: (800) 375-5283**



OMB No. 1115-0053

U.S. Department of Justice
Immigration and Naturalization Service

... m I-485, Application to Register
Permanent Residence or Adjust Status

## START HERE - Please Type or Print

## Part 1.  Information about you.

| | | |
|---|---|---|
| Family Name **DAI** | Given Name **Yun** | Middle Initial |

Address  - C/O

| Street Number and Name    **9301 England Drive, Apt. D** | Apt. # |
|---|---|

City        **Richmond**

| State    **VA** | Zip Code        **23229** |
|---|---|
| Date of Birth (month/day/year)    **07/27/1962** | Country of Birth    **China** |
| Social Security #    **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** | A # (if any)        **N/A** |
| Date of Last Arrival (month/day/year)    **10/21/2002** | I-94 #        **612484520 09** |
| Current INS Status    **O-1** | Expires on (month/day/year)    **10/15/2005** |

## Part 2.  Application Type.     *(Check one)*

**I am applying for adjustment to permanent resident status because**

a. ☐   an immigrant petition giving me an immediately available immigrant visa number has been approved. (Attach a copy of the approval notice-- or a relative, special immigrant juvenile, or special immigrant military visa petition filed with this application that will give you an immediately available visa number, if approved.)

b. ☐   My spouse or parent applied for adjustment of status or was granted lawful permanent residence in an immigrant visa category that allows derivative status for spouses and children.

c. ☐   I entered as a K-1 fiance(e) of a U.S. citizen whom I married within 90 days of entry, or I am the K-2 child of such a fiance(e) [Attach a copy of the fiance(e) petition approval notice and the marriage certificate.]

d. ☐   I was granted asylum or derivative asylum status as the spouse or child of a person granted asylum and am eligible for adjustment.

e. ☐   I am a native or citizen of Cuba admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least one year.

f. ☐   I am the husband, wife, or minor unmarried child of a Cuban described in (e) and am residing with that person, and was admitted or paroled into the U.S. after January 1, 1959, and thereafter have been physically present in the U.S. for at least one year.

g. ☐   I have continuously resided in the U.S. since before January 1, 1972.

h. ☒   Other basis of eligibility. Explain. (If additional space is needed, use a separate piece of paper.)
       **Concurrent filing pursuant to regulations issued 7/31/02**

**I am already a permanent resident and am applying to have the date I was granted permanent residence adjusted to the date I originally arrived in the U.S. as a nonimmigrant or parolee, or as of May 2, 1964, whichever date is later, and:**     *(Check one)*

i. ☐   I am a native or citizen of Cuba and meet the description in (e), above.

j. ☐   I am the husband, wife or minor unmarried child of a Cuban, and meet the description in (f), above.

---

**FOR INS USE ONLY**

| Returned | Receipt |
|---|---|
| _____ | |
| _____ | |
| **Resubmitted** | |
| _____ | |
| _____ | |
| **Reloc Sent** | |
| _____ | |
| _____ | |
| **Reloc Rec'd** | |
| _____ | |
| _____ | |
| ☐ Applicant Interviewed | |

**Section of Law**
☐ Sec. 209(b), INA
☐ Sec. 13, Act of 9/11/57
☐ Sec. 245, INA
☐ Sec. 249, INA
☐ Sec. 1 Act of 11/2/66
☐ Sec. 2 Act of 11/2/66
☐ Other _____

**Country Chargeable**

**Eligibility Under Sec. 245**
☐ Approved Visa Petition
☐ Dependent of Principal Alien
☐ Special Immigrant
☐ Other

**Preference**

**Action Block**

| To Be Completed by Attorney or Representative, if any |
|---|
| ☒ Fill in box if G-28 is attached to represent the applicant |
| VOLAG# |
| ATTY State License #        **32941-VA** |

*Continued on back.*

Form I-485 (Rev. 02/07/00)N Page 1

## Part 3.  Processing Information

| | | | |
|---|---|---|---|
| **A.** City/Town/Village of Birth    Fuqing | | Current occupation    **Asst. Professor of Medicine** | |
| Your mother's first name    **Di-fei** | | Your father's first name    **Chun-zhi** | |

Give your name exactly how it appears on your Arrival/Departure Record (Form I-94)

**Yun Dai**

| Place of last entry into the U.S. (City/State)    **Toronto, Ontario, Canada** | In what status did you last enter?   *(Visitor, Student, exchange alien, crewman, temporary worker, without inspection, etc.)* |
|---|---|
| Were you inspected by a U.S. Immigration Officer?    ☒ Yes  ☐ No | **O-1** |
| Nonimmigrant Visa Number    50574902 | Consulate where Visa was issued  **Toronto, Ontario, Canada** |
| Date Visa was issued (month/day/year)    **10/08/2002**    Sex: ☒ Male ☐ Female | Marital Status  ☐ Married  ☒ Single  ☐ Divorced ☐ Widowed |

Have you ever before applied for permanent resident status in the U.S.?    ☒ No  ☐ Yes If you checked "Yes," give date and place of filing and final disposition.

**N/A**          **N/A**                              **N/A**

**B.** List your present husband/wife, all of your sons and daughters (if you have none, write "none". If additional space is needed, use separate paper).

| Family Name  **None** | Given Name | Middle Initial | Date of Birth (month/day/year) |
|---|---|---|---|
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |
| Family Name | Given Name | Middle Initial | Date of Birth (month/day/year) |
| Country of Birth | Relationship | A # | Applying with you?  ☐ Yes  ☐ No |

**C.** List your present and past membership in or affiliation with every political organization, association, fund, foundation, party, club, society, or similar group in the United States or in other places since your 16th birthday. Include any foreign military service in this part. If none, write "none". Include the name(s) of organization(s), location(s), dates of membership from and to, and the nature of the organization(s). If additional space is needed, use a separate piece of paper.

None

## Part 3. Processing Information     *(Continued)*

Please answer the following questions. (If your answer is "Yes" on any one of these questions, explain on a separate piece of paper. Answering "Yes" does not necessarily mean that you are not entitled to register for permanent residence or adjust status).

1. Have you ever, in or outside the U.S.:
   a. knowingly committed any crime of moral turpitude or a drug-related offense for which you have not been arrested? ☐ Yes ☒ No
   b. been arrested, cited, charged, indicted, fined, or imprisoned for breaking or violating any law or ordinance, excluding traffic violations? ☐ Yes ☒ No
   c. been the beneficiary of a pardon, amnesty, rehabilitation decree, other act of clemency or similar action? ☐ Yes ☒ No
   d. exercised diplomatic immunity to avoid prosecution for a criminal offense in the U.S.? ☐ Yes ☒ No

2. Have you received public assistance in the U.S. from any source, including the U.S. government or any state, county, city, or municipality (other than emergency medical treatment), or are you likely to receive public assistance in the future? ☐ Yes ☒ No

3. Have you ever:
   a. within the past 10 years been a prostitute or procured anyone for prostitution, or intend to engage in such activities in the future? ☐ Yes ☒ No
   b. engaged in any unlawful commercialized vice, including, but not limited to, illegal gambling? ☐ Yes ☒ No
   c. knowingly encouraged, induced, assisted, abetted or aided any alien to try to enter the U.S. illegally? ☐ Yes ☒ No
   d. illicitly trafficked in any controlled substance, or knowingly assisted, abetted or colluded in the illicit trafficking of any controlled substance? ☐ Yes ☒ No

4. Have you ever engaged in, conspired to engage in, or do you intend to engage in, or have you ever solicited membership or funds for, or have you through any means ever assisted or provided any type of material support to, any person or organization that has ever engaged or conspired to engage, in sabotage, kidnapping, political assassination, hijacking, or any other form of terrorist activity? ☐ Yes ☒ No

5. Do you intend to engage in the U.S. in:
   a. espionage? ☐ Yes ☒ No
   b. any activity a purpose of which is opposition to, or the control or overthrow of, the Government of the United States, by force, violence or other unlawful means? ☐ Yes ☒ No
   c. any activity to violate or evade any law prohibiting the export from the United States of goods, technology or sensitive information? ☐ Yes ☒ No

6. Have you ever been a member of, or in any way affiliated with, the Communist Party or any other totalitarian party? ☐ Yes ☒ No

7. Did you, during the period March 23, 1933 to May 8, 1945, in association with either the Nazi Government of Germany or any organization or government associated or allied with the Nazi Government of Germany, ever order, incite, assist or otherwise participate in the persecution of any person because of race, religion, national origin or political opinion? ☐ Yes ☒ No

8. Have you ever engaged in genocide, or otherwise ordered, incited, assisted or otherwise participated in the killing of any person because of race, religion, nationality, ethnic origin, or political opinion? ☐ Yes ☒ No

9. Have you ever been deported from the U.S., or removed from the U.S. at government expense, excluded within the past year, or are you now in exclusion or deportation proceedings? ☐ Yes ☒ No

10. Are you under a final order of civil penalty for violating section 274C of the Immigration Act for use of fraudulent documents or have you, by fraud or willful misrepresentation of a material fact, ever sought to procure, or procured, a visa, other documentation, entry into the U.S., or any other immigration benefit? ☐ Yes ☒ No

11. Have you ever left the U.S. to avoid being drafted into the U.S. Armed Forces? ☐ Yes ☒ No

12. Have you ever been a J nonimmigrant exchange visitor who was subject to the two-year foreign residence requirement and not yet complied with that requirement or obtained a waiver? ☐ Yes ☒ No

13. Are you now withholding custody of a U.S. Citizen child outside the U.S. from a person granted custody of the child? ☐ Yes ☒ No

14. Do you plan to practice polygamy in the U.S.? ☐ Yes ☒ No

**Part 4.  Signature.** *(Read the information on penalties in the instructions before completing this section. You must file this application while in the United States.)*

I certify, under penalty of perjury under the laws of the United States of America, that this application and the evidence submitted with it is all true and correct. I authorize the release of any information from my records which the INS needs to determine eligibility for the benefit I am seeking.

**Selective Service Registration.  The following applies to you if you are a man at least 18 years old,  but not yet 26 years old,  who is required to register with the Selective Service System:**  I understand that my filing this adjustment of status application with the Immigration and Naturalization Service authorizes the INS to provide certain registration information to the Selective Service System in accordance with the Military Selective Service Act. Upon INS acceptance of my application, I authorize INS to transmit to the Selective Service System my name,  current address,  Social Security number,  date of birth and the date I filed the application for the purpose of recording my Selective Service registration as of the filing date. If, however, the INS does not accept my application, I further understand that, if so required, I am responsible for registering with the Selective Service by other means, provided I have not yet reached age 26.

| Signature | Print Your Name | Date | Daytime Phone Number |
|---|---|---|---|
| | Yun Dai | 06/25/04 | 804-828-5168 |

*Please Note:* *If you do not completely fill out this form, or fail to submit required documents listed in the instructions, you may not be found eligible for the requested document and this application may be denied.*

**Part 5.  Signature of person preparing form if other than above.**    *(Sign Below)*

I declare that I prepared this application at the request of the above person and it is based on all information of which I have knowledge.

| Signature | Print Your Name | Date | Daytime Phone Number |
|---|---|---|---|
| Helen L. Konrad | Helen L. Konrad | 7/14/04 | (804) 344-3411 |

**Firm Name and Address**    Reed Smith LLP, Riverfront Plaza, West Tower
901 E. Byrd Street, 17th Floor, Richmond, VA 23219

Department of Homeland Securi
U.S. Citizenship and Immigration Services

**I-797, Notice of Action**

THE UNITED STATES OF AMERICA

| RECEIPT NUMBER EAC-03-239-54555 | | CASE TYPE I140 IMMIGRANT PETITION FOR ALIEN WORKER | |
|---|---|---|---|
| RECEIPT DATE August 25, 2003 | PRIORITY DATE August 10, 2003 | PETITIONER VA COMMONWEALTH UNIV | |
| NOTICE DATE December 20, 2004 | PAGE 1 of 1 | BENEFICIARY A75 462 516 DAI, YUN | |

| | |
|---|---|
| VA COMMONWEALTH UNIV C/O DR STEVEN GRANT PROFESSOR INTERNAL P O BOX 980230 RICHMOND VA 23298 | Notice Type: Approval Notice Section: Outstanding Professor or Researcher, Sec.203(b)(1)(B) |

The above petition has been approved.  The person this petition is for will be notified separately when a decision is reached on his or her pending adjustment of status application.

THIS FORM IS NOT A VISA NOR MAY IT BE USED IN PLACE OF A VISA.

Please see the additional information on the back.  You will be notified separately about any other cases you filed.
IMMIGRATION & NATURALIZATION SERVICE
VERMONT SERVICE CENTER
75 LOWER WELDEN STREET
SAINT ALBANS VT 05479-0001
Customer Service Telephone: (800) 375-5283

Form I-797 (Rev. 08/31/04) N

## THE UNITED STATES OF AMERICA

# Fingerprint Notification

| | NOTICE DATE 02/25/2005 |
|---|---|

| CASE TYPE | | |
|---|---|---|
| I485  Application to Register Permanent Resident or Adjust Status | SOCIAL SECURITY NUMBER | USCIS A# A075462516 |

| APPLICATION NUMBER EAC0421652413 | CODE 3 | SERVICE CENTER ESC | PAGE 1 of 1 |
|---|---|---|---|

APPLICANT NAME AND MAILING ADDRESS

YUN DAI

c/o helen j konrad

reed smith llp

901 e byrd street 17th floor

richmond, va 23219-



To process your application, the U. S. Citizenship & Immigration Services (USCIS) must capture your Biometrics.

**PLEASE APPEAR AT THE BELOW APPLICATION SUPPORT CENTER AT THE APPOINTED DATE AND TIME TO HAVE YOUR BIOMETRICS TAKEN.**  If you are unable to appear at this time, you may go on any **following Wednesday** at the same time noted below, as long as you appear before  05/25/2005.  If you do not have your biometrics taken by that date, your application will be considered abandoned.

| APPLICATION SUPPORT CENTER | DATE AND TIME OF APPOINTMENT |
|---|---|
| USCIS NORFOLK 5280 HENNEMAN DRIVE NORFOLK, VA 23513 | 04/11/2005 2:00 PM |

**WHEN YOU GO TO THE APPLICATION SUPPORT CENTER TO HAVE YOUR FINGERPRINTS TAKEN, YOU MUST BRING:**

1. **THIS APPOINTMENT NOTICE AND ANY RECEIPT NOTICES ASSOCIATED WITH YOUR APPLICATION.**
2. **PHOTO IDENTIFICATION.**  Naturalization applicants must bring their Alien Registration Card. All other applicants must bring a passport, driver's license, national ID, military ID, or State-issued photo ID.  If you appear without proper identification, your biometrics may not be taken.

**PLEASE DISREGARD THIS NOTICE IF YOUR APPLICATION HAS ALREADY BEEN GRANTED.**

### WARNING!

*Due to limited seating availability in our lobby area, only persons who are necessary to assist with transportation or completing the fingerprint worksheet should accompany you.*

If you have any questions regarding this notice, please call 1-800-375-5283.

APPLICANT COPY

APPLICATION NUMBER

EAC0421652413

Form I-797 (Rev. 08/31/04) N



U.S. Department of Homeland Security
Vermont Service Center
75 Lower Welden Street
St. Albans, VT
05479-0001

**U.S. Citizenship
and Immigration
Services**

Monday, October 30, 2006

JENNIFER MINEAR
MCCANDLISH HOLTON
1111 EAST MAIN STREET SUITE 1500
RICHMOND VA 23218

**ATTORNEY/PARALEGAL COPY**

YUN DAI
9301 ENGLAND DRIVE APT. D
RICHMOND VA 23229

Dear YUN DAI:

On 09/18/2006 you, or the designated representative shown below, contacted us about your case.  Some of the key
information given to us at that time was the following:

| | |
|---|---|
| **Caller indicated they are:** | An attorney |
| **Attorney Name:** | JENNIFER MINEAR |
| **Case type:** | I485 |
| **Filing date:** | Information not available |
| **Receipt #:** | EAC-04-216-52413 |
| **Beneficiary (if you filed for someone else):** | DAI, YUN |
| **Your USCIS Account Number (A-number):** | A75462516 |
| **Type of service requested:** | Case Status - Outside Processing Time |

The status of this service request is:

The processing of your petition/application has been delayed. All petitions/applications received by this Service are
required to have routine security checks that are resulting in delays of the adjudication of petitions/applications. We
have no control over how long these checks will take and we can give no definite indication of when they will be
completed.

If you have any further questions, please call the National Customer Service Center at 1-800-375-5283.

Please remember:  By law, every person who is not a U.S. citizen and who is over the age of 14 must also notify
the Department of Homeland Security within 10 days from when they move (persons in "A" or "G" nonimmigrant
status are exempt from this requirement). If you have moved, please complete a Form AR-11 and mail it to the
address shown on that form.  If you do not have this form, you can download it from our website or you can call the
National Customer Service Center at 1-800-375-5283 and we can order one for you.  If you move, please call us
with your new address information as soon as your move is complete.  If you have already called us and given us
this information, you do not need to call again.



**Helen L. Konrad**

Direct Dial: 804.775.3825

Facsimile: 804.249.9595

E-Mail: hkonrad@lawmh.com

Practice Limited to Federal Immigration Law

Richmond, Virginia

Guangzhou, China

**McCandlish Holton**
A PROFESSIONAL CORPORATION

September 22, 2006

**VIA FEDERAL EXPRESS**
USCIS – Vermont Service Center
75 Lower Welden Street
St. Albans, VT  05479

Re:    <u>I-485 Application for Adjustment of Status</u>
       **Applicant:  Yun DAI**
       **EAC-04-216-52413/A75 462 516**

Dear Sir or Madam:

I am the attorney of record on the above-referenced case. I enclose a new, signed original G-28 Attorney Representation Form that reflects the address of my new law firm, McCandlish Holton. Please place this new G-28 Form in Dr. Dai's I-485 file.

Dr. Dai's I-485 Adjustment of Status Application has been pending since July 15, 2004 and is well outside the normal processing time indicated on the USCIS website. I therefore request that you provide a status update at this time. We have already contacted the USCIS customer service line without result.

Please contact me if you require additional information to process Dr. Dai's I-485 Adjustment of Status application.

Sincerely,
McCandlish Holton PC

Helen L. Konrad, Esq.

HLK/jam
Enclosures

# Case Status Search

Receipt Number:    eac0421652413

Application Type:    I485, APPLICATION TO REGISTER PERMANENT RESIDENCE OR TO ADJUST STATUS

Current Status:

This case has been sent to another office for processing.

On March 15, 2007, we transferred this I485 APPLICATION TO REGISTER PERMANENT RESIDENCE OR TO ADJUST STATUS to our TEXAS SERVICE CENTER location for processing and sent you a notice explaining this action. Please follow any instructions on this notice. You will be notified by mail when a decision is made, or if the office needs something from you. If you move while this case is pending, call customer service. We process cases in the order we receive them. You can use our processing dates to estimate when this case will be done. This case has been sent to our TEXAS SERVICE CENTER location. Follow the link below to check processing dates. You can also receive automatic e-mail updates as we process your case. Just follow the link below to register.

---

If you have a question about case status information provided via this site, or if you have not received a decision from USCIS within the current processing time listed, please contact the USCIS Customer Service at (800) 375  5283 or 1-800-767-1833 (TTY).

**Jennifer Minear**

| | |
|---|---|
| From: | Helen Konrad |
| Sent: | Monday, August 27, 2007 1:52 PM |
| To: | Jennifer Minear |
| Subject: | Fw: AILA - Service Center Application - Helen Konrad |


```
-----Original Message-----
From: tscliaison <tscliaison@aila.org>
To: Helen Konrad
Sent: Mon Aug 27 12:14:15 2007
Subject: RE: AILA - Service Center Application - Helen Konrad
```

Dear AILA Member,
The case listed below has been forwarded to TSC Liaison, Patsy Yung Micale.

Please keep this notice for future reference should you need to follow up on this inquiry or cancel it. We will need the Inquiry Record number and the committee member's name listed above to find your inquiry.

Please allow the AILA liaison committee member up to five (5) weeks before expecting a response.  Remember that the AILA liaison member does not  control  the turn-around time for an USCIS response.

Note: Attorneys will be advised by the AILA liaison if additional information is needed for their case. In the event that the attorney does not submit this  information within 8 weeks, the case will be removed from the AILA liaison chart. Please also remember that attorneys should ALWAYS meet any USCIS deadline - even if AILA liaison is involved in the case.

Thank you.

Coty


Coty Mattulat
Liaison and Information Coordinator
American Immigration Lawyers Association cmattulat@aila.org


```
-----Original Message-----
From: hkonrad@lawmh.com [mailto:hkonrad@lawmh.com]
Sent: Thursday, August 23, 2007 7:39 PM
To: tscliaison
Subject: AILA - Service Center Application - Helen Konrad
```

Dear AILA,

A Texas Service Center  Liaison Assistance Form was submitted by Helen Konrad. Below is a copy of the application.


>> Record Number: 4205-2007235

>> G28 Attorney
Yes. I am the G28 Attorney.
Attorney: Helen Konrad
Email: hkonrad@lawmh.com
Phone: 804-775-3825
Fax: 804-249-9595
Firm: McCandlish Holton PC

1

AILA Member Number: 32941

>> Petitioner/Applicant
Applicant: Yun DAI
>> Principal
Principal DOB: 7/27/1962
Principal A Number: A75462516
Principal Receipt: EAC0421652413

>> Beneficiaries
Beneficiary 1: Yun DAI
Date of Birth: 7/27/1962
A Number: A75462516
Receipt: EAC0421652413

Beneficiary 2:
Date of Birth:
A Number:
Receipt:

Beneficiary 3:
Date of Birth:
A Number:
Receipt:

>> Form Option
Form Type: I-485: Employment based adjustment

Receipt Date: 7/15/2004
Underlying Type:
Receipt Number:
Other Type:

Did you file premium processing?: No
I-360:

Was the I-90 e-filed or mailed?
If the I-90 was mailed, where was it mailed to?
Why was the I-90 filed?
>> I485 Priority Dates
Is your I485 Priority Date still current? Yes
Date: 8/10/2003
Classification: EB-1
Country: China
I485 Receipt Number: EAC0421652413

>> Nature of Problem:
Case outside normal processing time

>> NCSC
NCSC 1
Date member contacted NCSC by phone: 9/18/2006 Was correspondence/action received within
the promised time? No.
Brief description of what you were told by NCSC:
Told to wait 30 days for a response

NCSC 2
Date member contacted NCSC by phone:
Was correspondence/action received within the promised time? No.
Brief description of what you were told by NCSC:

NCSC 3
Date member contacted NCSC by phone:
Was correspondence/action received within the promised time? No.
Brief description of what you were told by NCSC:

```
>> RFE
1.
Was there an RFE? No
Date You Responded:
Was there further communication after RFE? Describe:

2.
Was there an RFE? No
Date You Responded:
Was there further communication after RFE? Describe:

3.
Was there an RFE? No
Date You Responded:
Was there further communication after RFE? Describe:

>> Case Transferred
Have you received a notice indicating that this application/petition was transferred to
another office?Yes.
If so, what date was it transferred on? 3/15/2007.
If so, to what office was it transferred? TSC (from VSC)

>> Confirmation
The service center cannot pursue both a congressional inquiry and an AILA liaison inquiry
at the same time. Therefore please verify the
following: 'I confirm that neither I nor my client(s) have initiated a congressional
inquiry on this same case. If a congressional inquiry is initiated, I will notify the AILA
liaison to drop my inquiry.' Yes

--- AILA
```

**Jennifer Minear**

| | |
|---|---|
| **From:** | Helen Konrad |
| **Sent:** | Tuesday, September 04, 2007 5:18 PM |
| **To:** | 'Yun Dai' |
| **Cc:** | Jennifer Minear |
| **Subject:** | RE: FW: TSC inquiry response for Yun DAI |

Yes. That is correct. I would wait until the end of September and then try another infopass appointment.

---

**From:** Yun Dai [mailto:ydai@vcu.edu]
**Sent:** Tuesday, September 04, 2007 5:04 PM
**To:** Helen Konrad
**Subject:** Re: FW: TSC inquiry response for Yun DAI

Helen Konrad wrote:

> Hello Yun
>
> I wanted to let you know the response that we got from the Texas Service Center. As you can see, they are showing that your case is stil delayed waiting for FBI name checks to clear.
>
> Let me know if you need anything else.
>
> Helen

---

**From:** Patsy Yung Micale [mailto:patsyy@BELLNUNNALLY.com]
**Sent:** Tuesday, September 04, 2007 10:45 AM
**To:** Helen Konrad
**Subject:** TSC inquiry response for Yun DAI

## Texas Service Center (TSC)
### Form Type
Information    Petitioner/Principal
& Beneficiary/Derivatives
Information    AILA Member
G-28 Attorney
Information    Additional Case
Information
*Record Number:*
**4205-2007235**

*Form Type:*
I-485: Employment based adjustment

*Receipt Date:* 7/15/2004
**Principal:**
*Name:* Yun DAI
*Date of Birth:* 7/27/1962
*A Number:* A75462516
*Receipt Number:* EAC0421652413

**Beneficiary A:**
*Name:* Yun DAI
*A Number:* A75462516
*Receipt Number:* EAC0421652413

*I am the G-28 Attorney?* Yes
*Member No.:* 32941

*Name:* Helen Konrad
*E-mail:* hkonrad@lawmh.com
*Phone:* 804-775-3825
*Fax:* 804-249-9595
*Firm:* McCandlish Holton PC

*Is I-485 Current?* Yes
*I-485 Receipt:* EAC0421652413

*Priority Date:* 8/10/2003
*Priority Classification:* EB-1
*Priority Country:* China

*Was this an Indirect Filing Case?* No

*Notice of transfer to another office?* Yes
*Date of transfer:* 3/15/2007
*Office transferred to:* TSC (from VSC)

|  | **NCSC** | **Date contacted:** | **Action received?** | **Description:** |
|---|---|---|---|---|
| NCSC - A | | 9/18/2006 | Yes | Told to wait 30 days for a response |

**Problem:**
» Case outside normal processing time
**Committee Comments:**
»
**Government Comments:** Pending due to the FBI name check.
»
*Record Number:* 4205-2007235
Have a great day!  Patsy

Patsy Yung Micale
Board Certified, Immigration & Nationality Law
Texas Board of Legal Specialization
**Bell Nunnally & Martin LLP**
**1400 One McKinney Plaza**
**3232 McKinney Avenue**
**Dallas, Texas 75204**
**telephone: (214) 740-1475**
**telecopier: (214) 740-1499**
**web site: bellnunnally.com**
**email: patsyy@bellnunnally.com**
IMPORTANT \ CONFIDENTIAL: This message contains information from the law firm of Bell Nunnally & Martin LLP that may be subject to the attorney-client or work product privilege, or otherwise confidential and exempt from disclosure under applicable law. Unless expressly stated otherwise, nothing contained in this message should be construed as a digital or electronic signature, nor is this message intended to reflect an intention to make an agreement by electronic means. DO NOT COPY OR FORWARD TO UNAUTHORIZED PERSONS. If you are not the intended recipient or the employee or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution, copying or forwarding of this communication is strictly prohibited. Unauthorized interception of this message may be in violation of the Electronic Communications Privacy Act, 18 U.S.C. §2510 et seq. If you have received this communication in error, please notify us immediately at our telephone number: (214) 740-1400.

IRS Circular 230 Notice: Unless expressly stated otherwise in the foregoing message, and to ensure compliance with requirements imposed by the IRS, we inform you that any advice contained in this message (including any attachments) is not intended or written to be used, and may not be used by any person, for the purpose of (i) avoiding penalties imposed under the Internal Revenue Code or (ii) promoting, marketing, or recommending to another person any transaction or matter addressed herein, within the meaning of IRS Circular 230.

CONFIDENTIALITY NOTICE: This e-mail message, including any attachments, is for the sole use of the intended recipient(s) and may contain confidential or proprietary information. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, immediately contact the sender by reply e-mail and destroy all copies of the original message.

Hi Hellen, thanks a lot. In this case, we can do nothing else but wait, right? Yun

9/10/2007



MAGGIO
KATTAR

Immigration
and
Nationality Attorneys

11 Dupont Circle, NW
Suite 775
Washington, DC 20036

202.483.0053 tel
202.483.6801 fax
www.maggio-kattar.com

October 25, 2007

Our File No. 07-1461

### *BY FEDERAL EXPRESS*

Ms. Evelyn Upchurch
Director
Texas Service Center
U.S. Citizenship and Immigration Services
4141 N. St. Augustine Road
Dallas, TX 75227

RE:  **Notice of Intent to file WRIT OF MANDAMUS on behalf of Dr. Yun DAI (A75 462 516), Adjustment of Status Applicant**

Dear Ms. Upchurch:

We write to notify you that we intend to file a complaint for a writ of mandamus with the United States District Court absent an immediate response from your office regarding the above-referenced case. A Form G-28 Notice of Entry of Appearance on behalf of Dr. Dai is attached for your reference.

We ask that you seek an expedite of Dr. Dai's pending background checks in light of the important work he is doing with Massey Cancer Center at the Virginia Commonwealth University and his need for U.S. permanent residence to carry out studies funded by the National Institutes of Health and the National Cancer Institute. Dr. Dai's work with the Massey Cancer Center is indispensable to the development of innovative treatments for patients with incurable, and in most cases, fatal blood cancers. His work is of considerable humanitarian import and the prompt adjudication of his application will allow him to continue his novel research contributions to the United States. In fact, Dr. Dai's ability to continue his work is entirely dependent on the adjudication of his application.

Dr. Dai filed his application for adjustment of status (Form I-485) with the CIS Vermont Service Center on July 15, 2004, more than three years ago. (Tab 1). Dr. Dai's application is based on his approved immigrant petition for alien worker (Form I-140) as an Outstanding Professor or Researcher at Virginia Commonwealth University. (Tab 2). As directed, on April 11, 2005, Dr. Dai submitted his fingerprints to CIS. (Tab 3). On September 18, 2006, Dr. Dai's former attorney made a telephonic inquiry to CIS regarding the status of his long-pending case. (Tab 4). On September 22, 2006, Dr. Dai's former attorney made yet another written inquiry to CIS. (Tab 5). CIS replied, on October 30, 2006, stating, "The processing of your [application] has been delayed. All [applications] received by this Service are required to have routine security checks that are resulting in delays of the adjudication of [applications]. We can give no definite indication of when they will be completed." (Tab 4).

Michael Maggio      Andrés C. Benach*      Sandra Grossman*      *Not admitted in
Elizabeth A. Quinn*  John Nahajzer         Nadeen Aljijakli       Washington, DC
Melissa Frisk*       Amy R. Novick         Thomas K. Ragland*
James Alexander*     Cora D. Tekach        Haesung Han*



Ms. Evelyn Upchurch, Director
October 25, 2007
Page 2

On March 15, 2007, CIS Vermont Service Center transferred Dr. Dai's case to CIS Texas Service Center. (Tab 6). On August 27, 2007, Dr. Dai's former attorney submitted an inquiry to CIS Texas Service Center through the American Immigration Lawyer's Association (AILA). On September 4, 2007, the AILA Liaison informed Dr. Dai that his case was pending due to "FBI name check[s]." His adjustment of status application remains pending.

The Administrative Procedure Act ("APA") at 5 U.S.C. §§555(b) and 702 and the Immigration and Nationality Act ("INA") and its related regulations require CIS to carry out its duties within a reasonable time. 5 U.S.C. §555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and *within a reasonable time*, each agency shall proceed to conclude a matter presented to it." (Emphasis added). CIS is subject to 5 U.S.C. §555(b). The delay of more than three years in processing Dr. Dai's application for adjustment of status is patently unreasonable.

Both the regulations and the INA provide numerous examples of duties owed by CIS in the adjustment of status process. 8 U.S.C. §1103 states that "[t]he Attorney General *shall* be charged with the administration and enforcement of this chapter and all other laws relating to the immigration and naturalization of aliens." (Emphasis added). The Code of Federal Regulations further provides that "[e]ach applicant for adjustment of status under this part *shall* be interviewed by an immigration officer." 8 C.F.R. §245.6 (emphasis added). The Regulations also provide that "the applicant *shall* be notified of the decision of the Director, and, if the application is denied, the reasons for the denial." 8 C.F.R. §245.2(5)(i) (emphasis added). The language of the statute and of the above-cited regulations is mandatory, not discretionary, and CIS has a clear duty to adjudicate the application for adjustment of status pending before it. *See First Federal Savings and Loan Association of Durham v. Baker*, 860 F.2d 135, 138 (4th Cir. 1988).

We are eager to resolve this matter directly with CIS. Nevertheless, if we do not receive a response to this request within 30 days, we will have no choice but to proceed with the writ of mandamus in federal court.

We thank you for your kind attention to this matter. Please let us know if you have any questions.

Respectfully submitted,
**MAGGIO KATTAR**

Thomas K. Ragland

cc:    Dr. Yun Dai
Enclosures: As Stated.



Home  Contact Us  Site Map  FAQ

Search
Advanced Search 

Services & Benefits     Immigration Forms     Laws & Regulations     About USCIS     Education & Resources     Press Room

---

Print This Page      Back

# U.S. Citizenship and Immigration Services
# Texas Service Center Processing Dates
# Posted November 14, 2007

The processing times shown below are a tool for our customers to gauge our current processing times. When applications and petitions are completed within our target timeframes, that goal will be shown in the data display.

The processing times shown below are for applications that have just been completed. If you have just filed your application, these timeframes may not reflect how long your application will take to be completed. We encourage you to check this page periodically before inquiring about your case. The processing times are updated monthly.

USCIS has received a significant increase in the number of applications filed. In July and August, nearly 2.5 million applications and petitions of all types were received. This compares to 1.2 million applications and petitions received in the same time period last year. This fiscal year, we received 1.4 million applications for naturalization; nearly double the volume we received the year before. The agency is working to improve processes and focus increased resources, including hiring approximately 1,500 new employees, to address this workload.

As a result, average processing times for certain application types may be longer. In particular, naturalization applications filed after June 1, 2007 may take approximately 16-18 months to process.

We offer a variety of services after you file.  For example, for most kinds of cases you can check the status of your case online.

For more information about when and how to contact us, whether your case is outside our processing time or if there are other issues, please see our customer guide –

Case Services - How do I... know what kind of services are available to me after I file my application or petition?

Service Center Processing Dates for **Texas Service Center** Posted November 14, 2007

| Form | Title | Classification or Basis for Filing | Processing Timeframe |
|------|-------|-----------------------------------|---------------------|
| I-90 | Application to Replace Permanent Resident Card | Initial issuance or replacement | 6 Months |
| I-102 | Application for Replacement/Initial Nonimmigrant Arrival/Departure Record | Initial issuance or replacement of a Form I-94 | 3 Months |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Visa to be issued abroad | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Change of status in the U.S. | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | H-1B - Specialty occupation - Extension of stay in the U.S. | 2 Months |

| I-129 | Petition for A Nonimmigrant Worker | H-2A - Temporary workers | 15 Days |
|---|---|---|---|
| I-129 | Petition for A Nonimmigrant Worker | H-2B - Other temporary workers | 30 Days |
| I-129 | Petition for A Nonimmigrant Worker | H-3 - Temporary trainees | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | E - Treaty traders and investors | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | L - Intracompany transfers | 30 Days |
| I-129 | Petition for A Nonimmigrant Worker | Blanket L | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | O - Extraordinary ability | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | P - Athletes, artists, and entertainers | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | Q - Cultural exchange visitors and exchange visitors participating in the Irish Peace process | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | R - Religious occupation | 2 Months |
| I-129 | Petition for A Nonimmigrant Worker | TN - North American Free Trade Agreement (NAFTA) professional | 2 Months |
| I-131 | Application for Travel Document | All other applicants for advance parole | 3 Months |
| I-140 | Immigrant Petition for Alien Worker | Extraordinary ability | 6 Months |
| I-140 | Immigrant Petition for Alien Worker | Outstanding professor or researcher | 6 Months |
| I-140 | Immigrant Petition for Alien Worker | Multinational executive or manager | 6 Months |
| I-140 | Immigrant Petition for Alien Worker | Schedule A Nurses | 6 Months |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability | 6 Months |
| I-140 | Immigrant Petition for Alien Worker | Advanced degree or exceptional ability requesting a National Interest Waiver | 6 Months |
| I-140 | Immigrant Petition for Alien Worker | Skilled worker or professional | 6 Months |
| I-140 | Immigrant Petition for Alien Worker | Unskilled worker | 6 Months |
| I-360 | Petition for Amerasian, Widow(er), or Special Immigrant | All other special immigrants | October 10, 2006 |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Employment-based adjustment applications | 6 Months |
| I-485 | Application to Register Permanent Residence or to Adjust Status | Based on grant of asylum more than 1 year ago | August 01, 2004 |
| I-526 | Immigrant Petition By Alien Entrepreneur | For use by an entrepreneur who wishes to immigrate to the United States | 6 Months |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change of status to H or L dependents | June 13, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change status to the F or M academic or vocational student categories | June 13, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Change Status to the J exchange visitor category | June 13, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | All other change of status applications | June 13, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of stay for H and L dependents | June 13, 2007 |
| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for F or M academic or vocational students | June 13, 2007 |

| I-539 | Application to Extend/Change Nonimmigrant Status | Extension of Stay for J exchange visitors | June 13, 2007 |
|-------|--------------------------------------------------|-------------------------------------------|---------------|
| I-539 | Application to Extend/Change Nonimmigrant Status | All other extension applications | June 13, 2007 |
| I-612 | Application for Waiver of the Foreign Residence Requirement | Application for a waiver of the 2-year foreign residence requirement based on exceptional hardship or persecution | January 28, 2007 |
| I-730 | Refugee/Asylee Relative Petition | Petition for accompanying family members of a refugee or an asylee | January 25, 2007 |
| I-751 | Petition to Remove the Conditions on Residence | Removal of lawful permanent resident conditions (spouses of U.S. citizens and lawful permanent residents | April 07, 2007 |
| I-765 | Application for Employment Authorization | Based on a request by a qualified F-1 academic student. [(c)(3)] | 11 Weeks |
| I-765 | Application for Employment Authorization | Based on a pending asylum application [(c)(8)] | 30 Days |
| I-765 | Application for Employment Authorization | Based on a pending I-485 adjustment application [(c)(9)] | 11 Weeks |
| I-765 | Application for Employment Authorization | Based on TPS for Honduras/Nicaragua [(c)(19), (a)(12)] | 11 Weeks |
| I-765 | Application for Employment Authorization | Based on TPS for El Salvador [(c)(19)(a)(12)] | 11 Weeks |
| I-765 | Application for Employment Authorization | All other applications for employment authorization | 11 Weeks |
| I-817 | Application for Family Unity Benefits | Voluntary departure under the family unity program | 6 Months |
| I-824 | Application for Action on an Approved Application or Petition | To request further action on an approved application or petition | 6 Months |
| I-829 | Petition by Entrepreneur to Remove Conditions | Removal of lawful permanent resident conditions (immigrant investors) | 6 Months |
| I-829 | Petition by Entrepreneur to Remove Conditions | Removal of lawful permanent resident conditions (immigrant investors) based on PL107-273 | 6 Months |

Print This Page     Back

E
07-2219
HHK

JS-44
(Rev.1/05 DC)

## CIVIL COVER SHEET

### I (a) PLAINTIFFS

Yun DAI

88888

### DEFENDANTS

Emilio T. GONZALEZ, Michael CHERTOFF, Robert S. MUELLER, David ROARK

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Henrico, VA
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas K. Ragland, MAGGIO & KATTAR,
11 Dupont Circle, NW, Suite 775,
Washington, DC 20036
(202) 483-0053

ATTORNEYS (IF KNOWN)

Case: 1:07-cv-02219
Assigned To : Kennedy, Henry H.
Assign. Date : 12/10/2007
Description: General Civil

### II. BASIS OF JURISDICTION

(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
◉ 2 U.S. Government Defendant
○ 4 Diversity (Indicate Citizenship of Parties in item III)

### III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

| | PTF | DFT | | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ○ 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ○ 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

### IV. CASE ASSIGNMENT AND NATURE OF SUIT

(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

#### ○ A. Antitrust

☐ 410 Antitrust

#### ○ B. Personal Injury/ Malpractice

☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

#### ○ C. Administrative Agency Review

☐ 151 Medicare Act

**Social Security:**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

**Other Statutes**
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

#### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

#### ◉ E. General Civil (Other)    OR    ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☒ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

6

| G. *Habeas Corpus/ 2255* | H. *Employment Discrimination* | I. *FOIA/PRIVACY ACT* | J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment<br>(criteria: race, gender/sex,<br>national origin,<br>discrimination, disability<br>age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions<br>(if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted<br>Student Loans<br>(excluding veterans) |

| K. *Labor/ERISA (non-employment)* | L. *Other Civil Rights (non-employment)* | M. *Contract* | N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting &<br>Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights<br>Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-<br>Employment<br>☐ 446 Americans w/Disabilities-<br>Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment &<br>Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of<br>Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☐ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting<br>(if Voting Rights Act) |

**V. ORIGIN**

◉ 1 Original Proceeding    ○ 2 Removed from State Court    ○ 3 Remanded from Appellate Court    ○ 4 Reinstated or Reopened    ○ 5 Transferred from another district (specify)    ○ 6 Multi district Litigation    ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)

28 U.S.C. §1361; 28 U.S.C. §1331; 5 U.S.C. §555(b) and §702. Complaint to compel Defendants to adjudicate Plaintiff's adjustment of status application.

| **VII. REQUESTED IN COMPLAINT** | ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23 | **DEMAND $** _____ | Check YES only if demanded in complaint |
|---|---|---|---|
| | | **JURY DEMAND:** | YES ☐    NO ☒ |

**VIII. RELATED CASE(S) IF ANY**    (See instruction)    YES ☐    NO ☒    If yes, please complete related case form.

DATE _12/6/07_    SIGNATURE OF ATTORNEY OF RECORD _____

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.      COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.    CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed only if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.     CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the primary cause of action found in your complaint. You may select only one category. You must also select one corresponding nature of suit found under the category of case.

VI.     CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.